# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-00085-TWP-DLP |
| | ) | |
| FREDDIE ROBERTSON | ) | |
|   a/k/a FAT FREDDIE | ) | |
|   a/k/a ZAY, | ) | -01 |
| | ) | |
| Defendant. | ) | |

## ENTRY ON UNITED STATES' NOTICE OF EVIDENCE SOUGHT TO BE INTRODUCED AT TRIAL

The Superseding Indictment in this case charges Defendant Freddie Robertson ("Robertson"), with three counts of Distribution of 50 Grams or More of Methamphetamine in violation of 21 U.S.C. § 841(a)(1). (Dkt. 34). On July 22, 2019, the United States filed a Notice of Evidence Sought to be Introduced at Trial. (Dkt. 57). In particular, at trial, the Government seeks to offer evidence of prior methamphetamine distribution. Robertson has not responded or objected to the Notice. For the reasons set forth below, the Government's Notice is **approved**.

## I. BACKGROUND

The Government proffers that its confidential witness ("CW") participated in three, controlled buys of methamphetamine from Robertson as charged in the Superseding Indictment. However, prior to the charged controlled buys, the CW met with Robertson twice. These meetings preceded the CW's cooperation with law enforcement and law enforcement's investigation of Robertson. The CW came into contact with Robertson through a third-party. At the first meeting, no drugs were sold, however, the CW and Robertson discussed the price of methamphetamine that Robertson was going to sell. At the second meeting, the CW acted as the broker of a third party

purchase of methamphetamine from Robertson. CW received a fee as payment for connecting Robertson with a buyer. Both of these meetings took place at the location of the buy charged in Count One of the Superseding Indictment.

The Government seeks to introduce evidence concerning the two meetings that preceded the CW's cooperation and law enforcement's investigation of Robertson as direct evidence of the crimes charged, or in the alternative, under Federal Rule of Evidence 404(b).

## II. LEGAL STANDARD

Direct evidence of a crime is almost always admissible against a defendant. *United States v. Gorman*, 613 F.3d 711, 717 (7th Cir. 2010). Only if "the evidence's probative value is substantially outweighed by the danger of unfair prejudice to the defendant(s)" would direct evidence be deemed inadmissible. *Id.* at 718; Federal Rule of Evidence 403.

Federal Rule of Evidence 404(b)(1) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." F.R.E. 404(b)(1). Rule 404(b)(2) allows such evidence when it is used for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. F.R.E. 404(b)(2). The Seventh Circuit has provided a four-part test to be used in 404(b) determinations. Courts are to consider whether: (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter at issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *See United States v. Howard,* 692 F.3d 697, 703 (7th Cir. 2012).

## III. DISCUSSION

As noted above, the Government contends that evidence of Robertson's prior drug related actions are directly relevant to his intent to commit the crimes alleged in the Superseding Indictment. The Government argues the business relationship between the CW and Robertson bears directly on Robertson's knowledge that the substance he was distributing was methamphetamine. The two met to discuss prices for methamphetamine prior to the distribution. Then Robertson distributed methamphetamine through the CW following the initial meeting to set prices. The Government argues the prior distribution and meetings are direct evidence of Robertson's plan and intent to distribute methamphetamine during the controlled buys. The Government also intends to offer text messages between CW and Robertson that use coded wording with discrete references to the weight, quality and price of the methamphetamine. These messages are understood and interpreted by the CW based on prior dealings with Robertson.

The Court is persuaded. Evidence is direct when it "tend[s] to prove the elements of the offense . . . actually charged." *United States v. Vargas*, 689 F.3d 867, 874 (7th Cir. 2012). Further, under the Rule 403 balancing test, the Court finds probative value of this evidence far outweighs any potential undue prejudice to the Robertson.

Accordingly, this evidence is not subject to 404 analysis. However, even under Rule 404(b), the Court finds this evidence is admissible under the four prong test. The evidence is directed toward establishing a matter at issue other than propensity, and the prior acts are similar enough and close enough in time to be relevant to the matters at issue in this trial. The probative value of Robertson's prior drug related meetings with the CW, outweighs any undue prejudice to Robertson. Evidence of the prior meetings are admissible to establish not only Robertson's intent

and plan to distribute methamphetamine, but his identity, knowledge of the offense, relationship and familiarity with the cooperating witness.

## IV. CONCLUSION

For the reasons stated herein, the Court **APPROVES** the evidentiary proffers contained in the United States' Notice of Evidence Sought to be Introduced at Trial. (Dkt. 57).

**SO ORDERED.**

Date: 7/27/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Richard Mark Inman
ATTORNEY AT LAW
markinman13@aol.com

Amanda Kester
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
amanda.kester@usdoj.gov

M. Kendra Klump
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kendra.klump@usdoj.gov