UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:19-cr-85-TWP-DLP-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| FREDDIE ROBERTSON | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:19-cr-00085-TWP-DLP ) |
| FREDDIE ROBERTSON, | ) -01 ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Freddie Robertson's ("Mr. Robertson") request for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] (Dkt. 85). For the reasons explained below, the Motion is **denied**.

**I. Background**

In 2019, Mr. Robertson pleaded guilty to three counts of distributing 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 851. Dkt. 72. The presentence investigation report ("PSR") details the offense conduct as follows: In 2013, Mr. Robertson was convicted of conspiring to possess with intent to distribute and distributing 500 grams or more of

---

[1] To the extent that Mr. Robertson asks the Court to allow him to serve the remainder of his sentence on home confinement, the Court lacks the authority to do so. Pursuant to statute, the location of a prisoner's confinement is the sole province of Bureau of Prisons, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). Likewise, the CARES Act expands the powers of the Attorney General and the Director of the Bureau of Prisons to place inmates on home confinement, but it does not expand the courts' ability to do so. *See* Pub. L. No. 116-136, 134 Stat. 281, 516 (2020) (CARES Act § 12003(b)(2)). The Court therefore does not have the authority to order the remainder of Mr. Robertson's sentence to be served on home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement); *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *7 (N.D. Ind. June 11, 2020); *United States v. Neeley*, No. 1:14-cr-00096, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020). Instead, in accordance with § 3582(c)(1)(A), the Court considers whether to reduce Mr. Robertson's sentence to time served. *See United States v. Millbrook*, No. 20-2147, 2021 WL 960743, at *2 (7th Cir. Mar. 15, 2021) (finding no error when district court failed to discuss defendant's alternative request for transfer to home confinement because the court had no authority to grant the request under § 3582, which authorizes only sentence "reductions").

a cocaine mixture. Dkt. 68 at 3. He was sentenced to 10 years of imprisonment and 8 years of supervised release. *Id.* About 14 months after being released from prison to supervised release, he sold a confidential informant 220 grams of pure methamphetamine for $3,000. *Id.* A month later, he made two separate sales to the confidential informant: eight ounces of methamphetamine for $3,000 and four ounces of methamphetamine for $1,500. *Id.*

The Court imposed concurrent 180-month sentences for each of the counts, which were to be served consecutively to the sentence imposed for the supervised release violation in *United States v. Robertson*, No. 1:09-cr-180-TWP-TAB-01. *Id.* The Court also imposed 10 years of supervised release. *Id.*

Less than two years after judgment issued, Mr. Robertson—who is represented by retained counsel—filed a motion for compassionate release. Dkt. 85. Mr. Robertson argues that extraordinary and compelling reasons support his release within the meaning of § 3582(c)(1)(A)(i) because the BOP has not been able to control the COVID-19 pandemic and because he is African-American and suffers from various medical conditions (including high blood pressure, sarcoidosis, bronchitis, mediastinal adenopathy, type 2 diabetes, and chronic pansinusitis), both of which increase his risk of suffering severe symptoms if he contracts COVID-19. *Id.* The United States responded in opposition, arguing that Mr. Robertson has not shown extraordinary and compelling reasons warranting release because was offered and refused the COVID-19 vaccine. Dkt. 97. The United States also argues that Mr. Robertson would be a danger to the community if released and that the sentencing factors in 18 U.S.C. § 3553(a) do not favor release. *Id.*

With the Court's permission, Mr. Robertson filed a belated reply. Dkt. 98-1. In the reply, Mr. Robertson's counsel represents that Mr. Robertson's reluctance to take the vaccine is understandable because he has not been able to discuss his health issues and how he may be

impacted by the vaccine with a doctor. *Id.* Mr. Robertson's counsel also notes that African Americans have a higher rate of vaccine hesitancy based on the government's history of using unsuspecting African-American citizens for medical testing without telling them about the potential consequences of the tests to which they were subjected. *Id.* Mr. Robertson's motion is thus ripe for review.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Robertson's reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his race, medical conditions, and the BOP's alleged inability to control the COVID-19 pandemic—is not an extraordinary and compelling reason to release him. The U.S. Court of Appeals for the Seventh Circuit has held that COVID-19 cannot be an extraordinary and compelling reason for release for an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, 5 F.4th 801 (7th Cir.

4

2021). The Seventh Circuit has also repeatedly affirmed that the risk an inmate faces from COVID-19 cannot be an extraordinary and compelling reason warranting release under § 3582(c)(1)(A)(i) unless the inmate shows that he cannot "receive or benefit from a vaccine." *Id.*; *see also United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) ("Despite the threat of new coronavirus variants, we reiterate that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability to receive or benefit from a vaccine.") (cleaned up). Here, Mr. Robertson has not presented any evidence suggesting that he cannot receive or benefit from a COVID-19 vaccine. He admits that he refused an opportunity to receive the vaccine, but he has not shown that his refusal was medically justified.[2] Accordingly, he has not shown extraordinary and compelling reasons warranting release under § 3582(c)(1)(A)(i).

Given the determination that Mr. Robertson has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release. Even if he had made such a showing, however, the Court would nevertheless find that Mr. Robertson is not entitled to compassionate release because the § 3553 factors do not weigh in his favor.[3]

---

[2] Mr. Robertson's counsel's representations about why he might have refused the vaccine are not evidence. Regardless, even if it is true that Mr. Robertson is hesitant to receive a vaccine without consulting with a medical provider beforehand, he has not provided any evidence suggesting that he asked for and was denied an opportunity to consult with a medical provider about whether he should receive the vaccine. Likewise, without minimizing the history discussed in Mr. Robertson's reply brief, the Seventh Circuit has expressly held that a court need not accept an inmate's self-diagnosed skepticism about the safety and efficacy of the vaccine when deciding whether to grant compassionate release. *Broadfield*, 5 F.4th at 803 ("The federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccinate safe and effective.").

[3] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Weighing in his favor, Mr. Robertson represents that he has no history of violence, is currently housed at a low-security facility, and is eligible for jobs that could take him into the community. *See, e.g.*, dkt. 98-1 at 6–8. He also argues that, at age 49, he is unlikely to recidivate. *Id.* at 6–8. But, weighing heavily against him, Mr. Robertson sold a significant amount of methamphetamine while on supervised release for another drug-related felony, and he is not due to be released for more than ten years. *See* https://www.bop.gov/inmateloc/ (last visited May 9, 2022) (listing anticipated release date as Oct. 29, 2032).

In light of these considerations, the Court finds that releasing Mr. Robertson now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III. Conclusion

For the reasons stated above, Mr. Robertson's motion for compassionate release, dkt. [85], is **denied.**

**IT IS SO ORDERED.**

Date: 5/12/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel